Fecteau, J.
On December 19, 2001, the Commonwealth filed its petition under the provisions of G.L.c. 123A, §12, seeking a commitment of the defendant to the Massachusetts Treatment Center as a sexually-dangerous person,[1] and seeking an order of temporary detention pending a finding of probable cause. Upon review of the complaint, the court determined that the Commonwealth had made a “sufficient showing” that the defendant[2] is a sexually dangerous person for an order of detention under Section 12(e). Counsel was appointed and a probable cause hearing was scheduled for January 4, 2002.
On said date, the defendant moved for dismissal of the petition or release from the order of temporary commitment. The defendant contends that the Commonwealth waited impermissibly long to file its petition, having been notified by the Department of Correction on August 2, 2001, in accordance with the statute, that the defendant was then within 6 months of being released from his sentence.[3] The Common *306 wealth opposes the motion on the grounds that it has discretion to file its petition at any time during the six-month notification period, that on August 7, 2001 it requested a qualified examiner to review the defendant’s case for purposes of an initial determination as to whether he qualifies as a sexually-dangerous person under the statute, that it believed that its petition must be accompanied and supported by the written opinion of an expert and that it did not receive the written report of its expert until December 17, 2001.
The recent case of Commonwealth v. Kennedy, SJC No. 08628 (December 28, 2001), instructs that the “liberty interests at stake” in connection with the civil commitment permitted under the governing statute, “compel strict adherence to the time frames set forth in the statute.” Although the delays in Kennedy were of a different type than that complained of here, it is a delay that was unnecessary, notwithstanding the good faith belief by the Commonwealth in the appropriateness of its course of action. What the Commonwealth has apparently failed to recognize is that it may file a petition without expert support and, so long as the Commonwealth does not seek a temporary commitment, the mere filing of its petition does not generate the need for expert review. It is only in those cases during the first several months after the effective date of the statute wherein the Commonwealth was receiving notice but much closer to the release dates that temporary commitment was contemplated as necessary.
In the case of Commonwealth v. Bruno, 432 Mass. 489 (2000), the court, in discussing the standard of proof necessary for a temporary commitment under Section 12(e) of the statute, stated; “there is no exigency or emergency about the release dates of inmates likely to be the subject of these petitions, except, arguably, during the first few months following the effective date of the statutory amendments. The Commonwealth concedes that the exigency is the lack of time it was given to gather and present all available evidence of sexual dangerousness prior to these inmates’ release dates . . . The Commonwealth acknowledges that in future cases it should receive six months’ notice of an inmate’s release date and therefore could obtain the necessary evidence and even complete the final commitment hearing before that date. In such cases the order of commitment would not take effect until the inmate’s parole or discharge.” At 508. This expectation was confirmed in Kennedy wherein the court stated: “we note that the Department of Correction must give notice to the district attorney’s office six months prior to an inmate’s anticipated discharge date, thus ensuring that the Commonwealth will be in a position to complete most, if not all, of the G.L.c. 123A proceedings before the inmate’s discharge.”
By failing to promptly file a petition in this case wherein the Commonwealth could reasonably be seen, given the facts of the offenses, to have had reason to believe that the defendant was sexually dangerous, and by waiting approximately four and one-half months out of the approximate five months remaining of the defendant’s sentence[4] before doing so, the Commonwealth unnecessarily created the exigency for which it sought a temporary commitment under the statute, since not even the probable cause hearing could reasonably have been conducted prior to the defendant’s discharge from his sentence. In so doing, the Commonwealth has failed to recognize the serious liberty interests at stake and failed to strictly adhere to the statutory time frame for proceedings under this statute. For these reasons, the court is compelled to allow the motion of the defendant to vacate the order of temporary commitment under Section 12(e).
ORDER
For the foregoing reasons, the motion of the defendant to vacate the order of temporary commitment of the defendant pending a probable cause hearing is allowed but, at the request of the Commonwealth, the order for the release from temporary detention shall not be immediately effective and is stayed until Januaiy 22, 2002.

 “Sexually dangerous person, any person who has been (i) convicted of or adjudicated as a delinquent juvenile or youthful offender by reason of a sexual offense and who suffers from a mental abnormality or personality disorder which makes the person likely to engage in sexual offenses if not confined to a secure facility; (ii) charged with a sexual offense and was determined to be incompetent to stand trial and who suffers from a mental abnormality or personality disorder which makes such person likely to engage in sexual offenses if not confined to a secure facility; or (iii) previously adjudicated as such by a court of the commonwealth and whose misconduct in sexual matters indicates a general lack of power to control his sexual impulses, as evidenced by repetitive or compulsive sexual misconduct by either violence against any victim, or aggression against any victim under the age of 16 years, and who, as a result, is likely to attack or otherwise inflict injury on such victims because of his uncontrolled or uncontrollable desires.” G.L.c. 123A, §1.

 On April 4, 1989, the defendant was convicted upon his plea of guilt to 8 counts of rape of child and indecent assault and battery on a child (1 count). He received concurrent 10-15 year sentences to the state prison. In 1986, he had been previously convicted of two counts of rape of child and three counts of indecent assault and battery on a child for which he received a 10 year sentence to the Massachusetts Correctional Institution at Concord. Both crimes of rape, of child and indecent assault and battery on a child are “sex offenses” as defined in c. 123A, §1.

 During the hearing conducted on January 4, 2001, counsel for the Commonwealth made factual representations concerning the dates that it received notice from the Department of Correction and the dates that it made and received communications with its expert. At the request of the court, the Commonwealth memorialized these representations in the form of an affidavit which was filed on January 8, 2002.

 Although the first notice sent by the Department of Correction was that the defendant was due to be released on January 23, 2002, it learned from the DOC on November 8, 2001, that the defendant would be released on January 2, 2001, which was later revised to December 31, 2001.